**Artan MUQKURTAJ, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General of the United States, United States Department of Justice, Respondent.

No. 04–4199.

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Gregory Marotta, Belle Mead, New Jersey, for Petitioner.

Matthew H. Mead, United States Attorney for the District of Wyoming, Darrell L. Fun, Assistant United States Attorney, Casper, Wyoming, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review from a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

In January 2002, Muqkurtaj, a native and resident of Kosovo, filed an application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See, e.g.,* *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004);

*Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000)

Although a finding of past persecution creates a rebuttable presumption that there will be a well-founded fear of future persecution, the IJ found that, in this case, the presumption had been rebutted because the Government demonstrated, by a preponderance of the evidence, that there has been a fundamental change of circumstances in Kosovo. *See* 8 C.F.R. § 1208.13(b)(1). The IJ observed that the current situation in Kosovo has changed dramatically since March of 1999 and supported that assertion with background materials suggesting that thousands of ethnic Albanians have returned to their homes. The IJ acknowledged that economic hardships remains a problem, but believed that the situation has changed to such a dramatic extent that Muqkurtaj would not face persecution on any of the grounds enumerated in the Act. The IJ determined that Muqkurtaj did not overcome the finding of changed country conditions; therefore, he did not meet his burden of proof that there is a reasonable possibility that he will be persecuted if he returns to Kosovo. The IJ's determination that there was a fundamental change in country conditions is supported by substantial evidence.

Muqkurtaj has not meaningfully challenged the IJ's denial of his CAT claim in his brief to this Court; he only mentions CAT relief in the burden of proof section of his brief. "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. Oct.13, 2005) (quoting *Norton v. Sam's*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

*Club,* 145 F.3d 114, 117 (2d Cir.1998) (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).